IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARK WALLACE FITZGERALD,
    Plaintiff,

vs.                                                         Case No.: 5:17cv138/MCR/EMT

SEAN GILLIS,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action on May 10, 2017, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). This cause is now before the court on Plaintiff's third amended complaint (ECF No. 21). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 12).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted).   Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).  Upon review of the complaint, it appears that Plaintiff's claims are barred by the statute of limitations.  Dismissal of this action is therefore warranted.

Plaintiff's complaint concerns events that occurred from May 2012 to March 2013, while he was an inmate of the Graceville Correctional Facility ("GCF") (ECF

No. 21 at 19–27). Plaintiff alleges that, upon his arrival at GCF in May 2012, he was given inadequate medical care for a pre-existing condition (*id.* at 19). Plaintiff alleges Defendant "Unidentified Nurse" withheld a medical pass that would have excused him from work due to his lower back condition and sciatica (*id.* at 19). Plaintiff also claims the medical pass would have prevented the incident of excessive force involved in the instant case (discussed, *infra*) (*id.*). Although Plaintiff filed a grievance regarding the denial of his medical pass, Defendant Gillis, an assistant warden at GCF, "failed to respond to his grievance for two months" or otherwise rectify the problem (*id.* at 21). A medical pass was delivered to Plaintiff while in confinement on June 10, 2012, with an issue date of May 18, 2012, three days prior to the incident of excessive force (*id.* at 20). Plaintiff claims this medical pass was then confiscated by Defendant Sergeant Grinder on the orders of Defendant Gillis in March 2013 (*id.*).

Plaintiff also asserts that on May 21, 2012, he reported to work but was unable to work due to a medical condition; he claimed a "medical emergency" to GCF staff; and he chose to go to confinement instead of work (*id.* at 19). Plaintiff alleges that Defendant Russell, a lieutenant at GCF, then assaulted him by emptying a can of chemical spray into his eyes without giving him a chance to comply with orders to be cuffed for transport to confinement (*id.*). Plaintiff claims that after the use of chemical

agents, he was not given adequate time to "decontaminate," which resulted in his eyes swelling (*id.* at 28). Months later, a Report of Investigation by the Office of the Inspector General found Defendant Russell "guilty of excessive force" (*id.* at 19). The report was issued in September 2012 (*id.* at 11). Plaintiff was released from prison on July 29, 2013.

Plaintiff asserts an Eighth Amendment claim against Defendants Gillis, Grinder, and the "Unidentified Nurse" for withholding his medical passes and an Eighth Amendment claim of excessive force against Defendant Russell (*id.* at 21). Plaintiff seeks compensatory damages for physical injury and mental and emotional suffering resulting from the Defendants' actions (*id.* at 28).

As Plaintiff was previously advised (ECF No. 13; *see also* ECF No. 17 at 2), his claims are subject to dismissal because of the passing of the four-year statute of limitations. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." <u>Wellons v. Comm'r, Ga. Dep't of Corr.</u>, 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); *see* <u>Owens v. Okure</u>, 488 U.S. 235, 249–50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general

or residual statute for personal injury actions"). In Florida, "[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries." Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (citations omitted); *see also* Van Poyck v. McCollum, 646 F.3d 865, 867 (11th Cir. 2011); Ellison v. Lester, 275 F. App'x 900, 901 (11th Cir. 2008).

Although the length of the statute of limitations is resolved by reference to state law, the accrual date of a § 1983 action is governed by federal law. Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007). Under federal law, the limitations period begins to run on the date that the plaintiff knows or has reason to know "(1) that [he] ha[s] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding that the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights").

As noted above, Plaintiff commenced this § 1983 action on May 10, 2017 (ECF No. 1). However, the last date by which any affirmative action was taken against Plaintiff regarding his medical situation, and therefore the latest date he could claim

to have reasonably gained knowledge of the factual basis for his medical claim, was March 2013, the date his medical pass was taken from him (ECF No 21 at 19–27). Thus, Plaintiff had until March 2017 to file a lawsuit regarding his medical claims, making his May 2017 filing of this lawsuit late by at least one month.

Correspondingly, the facts which would support a cause of action for his excessive force claim were apparent, or should have been apparent to a person with a reasonably prudent regard for his rights, on May 21, 2012, the day on which the excessive force allegedly occurred. Even if Plaintiff could claim he was unaware of the facts that would support a cause of action until September 2012, when he received the report from the Office of the Inspector General finding Defendant Russell guilty of excessive force, the statute of limitations would have expired in September 2016, several months before Plaintiff filed this lawsuit in May of 2017.

Therefore, all of Plaintiff's claims are barred by the statute of limitations. In so concluding, it is worth noting Plaintiff's acknowledgment that the instant lawsuit is essentially a duplicate of a lawsuit he previously filed with this court, <u>Fitzgerald v. Corrections Corp. of America, et al.</u>, Case No. 5:13cv261/MW/EMT, which was dismissed without prejudice on August 20, 2015 (ECF No. 13 at 4–5). In the Report and Recommendation issued in Plaintiff's previous case, it was specifically noted that

there was still time under the statute of limitations for Plaintiff to refile his lawsuit; thus, Plaintiff was alerted to the fact that his claims would eventually become subject to the statute of limitations (*see* ECF No. 75 at 13 n.5 in Case No. 5:13cv261).[1]

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 9th day of July 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] Plaintiff's prior case was dismissed due to Plaintiff's disobedience with court orders (*see* ECF No. 75, in that case).  Although the undersigned considered a dismissal with prejudice, the undersigned ultimately recommended a dismissal without prejudice so as not to "permanently extinguish[] Plaintiff's claims" (*id*. at 13).  The court also stated, "It does not appear that a dismissal without prejudice would have the effect of a dismissal with prejudice due to a statute of limitations bar, because Plaintiff alleges that the allegedly unconstitutional conduct occurred in April of 2012" (*id*. at 13 n.5).

Case No.: 5:17cv138/MCR/EMT